**Fallon GORDON, Appellant,**

v.

**Paul SEBILE, Sr., Individually and as Heir and Representative of the Estate of Laura Sebile, Paul Sebile, Jr., Lawrence C. Sebile, Eric Sebile, Don C. Sebile, Clara J. Semien, Frankie L. Cobb, and Sharon K. Dean, Appellees.**

**No. 09–10–00007–CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 8, 2010.

Decided April 22, 2010.

Barbara A. Hilburn, Divya R. Chundru, Harris, Hilburn & Sherer, Houston, for appellant.

Jane S. Leger, Provost Umphrey Law Firm, Beaumont, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Paul Sebile, Sr., individually and as heir and representative of the estate of Laura Sebile, deceased, Paul Sebile, Jr., Lawrence C. Sebile, Eric Sebile, Don C. Sebile, Clara J. Semien, Frankie L. Cobb, and Sharon K. Dean, as children of the deceased, (the "Sebiles"), filed a health care liability claim against Fallon Gordon, M.D. and others. Gordon filed a motion to dismiss that challenged whether the Sebiles had filed an expert report that complied with section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(*l*) (Vernon Supp.2009). The trial court denied Gordon's motion, and Gordon appealed. We affirm.

The Sebiles' suit alleges that Gordon's negligence, together with that of the other defendants, caused Laura Sebile's death.

The Sebiles asserted that Gordon punctured Laura's heart while she was undergoing a thoracoscopy to biopsy her lymph nodes. The Sebiles contend that Gordon, along with the other defendants, negligently cared for Laura, and that their acts and omissions were proximate causes of Laura's death.

The Sebiles attached the expert report of Dr. Shabir Bhimji to their Original Petition. Shortly after being served, Gordon filed a motion to dismiss, asserting that the report of Dr. Bhimji did not comply with the requirements of Texas law. However, Gordon did not request that the trial court conduct a hearing on his objections to Dr. Bhimji's initial report. The other defendants also filed objections to the adequacy of Dr. Bhimji's initial report. Within one hundred twenty days of filing their original petition, the Sebiles served Gordon and the other defendants with Dr. Bhimji's second report. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2009). Gordon's co-defendants filed objections challenging the adequacy of Dr. Bhimji's second report, but Gordon did not do so. At the request of Gordon's co-defendants, the trial court conducted hearings to address whether the Sebiles' expert reports adequately complied with Texas law. Following the hearings, and with respect to each of the co-defendants, the trial court gave the Sebiles an extension of time to file a sufficient expert report, as is statutorily permitted by Texas law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c) (Vernon Supp.2009).

Following the extension granted by the trial court, the Sebiles served Gordon and the other defendants with Dr. Bhimji's third report. On December 16, 2009, approximately ten months after being served with Dr. Bhimji's second report, and approximately seven months after being served with Dr. Bhimji's third report, Gor-

don filed "Supplemental Objections to the Sufficiency of Plaintiff's Expert Report and Motion to Dismiss." Gordon's Supplemental Objections contend that Dr. Bhimji's report fails to adequately link Gordon's alleged breaches of the standard of care to Laura's injuries. The Sebiles filed a response, arguing that Gordon's supplemental objections were untimely, and that Dr. Bhimji's report adequately addresses the issue of causation. The trial court, without explanation, denied Gordon's motion to dismiss. Gordon did not request findings of fact or conclusions of law.

In one issue, Gordon argues that the trial court abused its discretion by denying his motion to dismiss. The Sebiles maintain that Gordon failed to timely challenge Dr. Bhimji's amended expert reports; as a result, the Sebiles assert that, by statute, "all objections are waived." *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a). In his reply brief, Gordon asserts that his objections to Dr. Bhimji's original expert report were timely; Gordon concludes that he "did not have a duty to object to the Amended Report of [Dr. Bhimji], as it did not render any new or altered opinions as to Dr. Gordon and did not implicate Dr. Gordon's conduct in any way not previously expressed in the original Expert Report of [Dr. Bhimji]."

■ We review a trial court's ruling on a motion to dismiss a health care liability claim for abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

Section 74.351(a) of the Texas Civil Practice and Remedies Code provides, in pertinent part, that: "Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, *failing which all objections are waived.*" Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a) (emphasis added). We have previously held that a trial court did not abuse its discretion by denying a physician's motion to dismiss when objections to a report were not timely filed and served. *See Desai v. Garcia,* No. 09–06–332–CV, 2006 WL 3627008, 2006 Tex. App. LEXIS 10627 (Tex.App.-Beaumont Dec. 14, 2006, no pet.). In *Desai,* the claimant filed suit against Dr. Desai and served Desai with a "Second Addendum" to a previous report. *Id.* at *1, *2, 2006 Tex.App. LEXIS 10627, at *2, *5. More than twenty-one days after being served with the Addendum, Desai filed a motion to dismiss, asserting for the first time that the expert's report was statutorily insufficient. *Id.* at *1, 2006 Tex.App. LEXIS 10627, at *3. We held that Desai's objections to the sufficiency of the expert reports were waived because Desai had not timely objected. *Id.* at *2–3, 2006 Tex. App. LEXIS 10627, at *7–8.

In *Ogletree v. Matthews,* 262 S.W.3d 316, 322 (Tex.2007), the Texas Supreme Court held that a hospital's objections had been waived when the objections were not timely filed, as they were not filed within twenty-one days after the report was served on the hospital. The Supreme Court emphasized that section 74.351 requires physicians and health care providers implicated in a report to file and serve *any* objection not later than the twenty-first day after service occurred. *Id.* at 321–22.

■ The record before us shows that Gordon did not file objections to Dr.

Bhimji's second or third reports. The second and third reports assert that Gordon's acts and omissions played a role in causing Laura's death. While it appears that the Sebiles filed their second report within the 120–day period allowed by statute for filing an expert report in a health care liability claim, Gordon did not file any objections to the second report within the twenty-one-day period that the statute provides for a party to file objections to insufficient reports. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Although Gordon argues that the second report added "inconsequential references to the Texas Administrative Standards of Physician Practice," and that "the only material change [was] Dr. Bhimji's opinions as to Dr. Gonzalez," we find nothing in section 74.351 that excepted him from the requirement that he file any objections by the twenty-first day after being served with the second report that implicated him as having caused Laura's death. We conclude that Gordon waived all of his objections to Dr. Bhimji's second report. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a).

■ Gordon also argues that he is relieved of filing objections to Dr. Bhimji's third report because it was filed outside the 120–day period allowed for claimants to file their expert reports. However, as noted in Gordon's reply brief, Dr. Bhimji's third report was filed after the trial court expressly granted the Sebiles an extension to amend their reports in light of the objections Gordon's co-defendants lodged against the second report. The third report, dated April 30, 2009, also implicated Gordon, and in our opinion, because it constituted "a report," its service on Gordon also triggered his duty to file any objections to the sufficiency of that report within twenty-one days of being served. *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 74.351(a). This section of the health care liability statute requires physicians "whose conduct is implicated in *a* report" to file "any objection to the sufficiency of the report not later than the 21st day after the date it was served." *Id.* (emphasis added). In our opinion, when a party files an expert report pursuant to the trial court's express permission in order to cure a deficient report, the new expert report constitutes "a report" within the meaning of section 74.351(a), thus triggering the physician's or health care provider's obligation to file specific objections to the new report within twenty-one days of being served with the report. If no objections are filed to a report that implicates the physician's conduct, by the plain wording of the statute, "all objections are waived." *Id.* In our opinion, and in light of the clear language of this statute, whether exceptions should exist to the legislatively created waiver is a matter best left to the Legislature.

Because Gordon's supplemental objections, filed December 16, 2009, were not timely, the trial court did not abuse its discretion in overruling the supplemental objections, nor did it abuse its discretion in denying Gordon's motion to dismiss. *See Palacios*, 46 S.W.3d at 877; *Bowie Mem'l Hosp.*, 79 S.W.3d at 52. The trial court's order of December 18, 2009, is affirmed.

AFFIRMED.